NO. 07-07-0266-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 21, 2009

_____

JAIME TREVINO, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 379TH DISTRICT COURT OF BEXAR COUNTY;

NO. 2004CR6365; HONORABLE BERT RICHARDSON, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**CONCURRING AND DISSENTING OPINION**

I agree with the majority's disposition of Appellant's points of error three through six; however, I write separately to express my opinion that the trial court erred by failing to permit Appellant to withdraw his plea of guilty. *See* art. 26.13(2), Tex. Code Crim. Proc. Ann. (Vernon Supp. 2009). As stated in the majority opinion, the trial court implicitly found that it had "accepted" the plea agreement, making it a binding agreement between the

State and Appellant.  *State v. Moore,* 240 S.W.3d 248 (Tex.Crim.App. 2007).  However, rather than follow that agreement as to punishment, the trial court found Appellant violated a non-existent condition that he be a "viable" witness.  In doing so, the trial court implicitly rejected the negotiated plea bargain agreement and was, therefore, statutorily obligated to permit Appellant to withdraw his plea of guilty.  Having failed to do so, the trial court erred.  I would sustain Appellant's second issue and reverse and remand.


Patrick A. Pirtle
Justice